IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON TAYLOR, | : | Civil No. 3:17-cv-1 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| DISTRICT JUDGE JAMES A. DENKER, et al., | : | |
| Defendants | : | |

## MEMORANDUM

On January 3, 2017, Plaintiff Aaron Taylor ("Plaintiff"), a former inmate housed at the Dauphin County Prison, in Harrisburg, Pennsylvania,[1] initiated this civil rights action pursuant 42 U.S.C. § 1983, challenging his underlying criminal case. (Doc. 1). At the same time he filed the complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). An initial screening of the complaint has been conducted, and for the reasons set forth below, the motion to proceed *in forma pauperis* will be granted, and the complaint will be dismissed.

**I.    Screening Provisions of the Prison Litigation Reform Act**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is

---

[1] In an effort to ascertain the custodial status of Plaintiff, the Court accessed the Vinelink online inmate locator, which revealed that he is not in custody. Upon entering Plaintiff's offender identification number, 75452, into online system, https://vinelink.com/#/search, his status was returned as: "out of custody...paroled."

proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2),[2] 28 U.S.C. § 1915A.[3] The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

## II.  Background

In this civil rights action, Plaintiff challenges his underlying criminal proceedings from the Dauphin County Court of Common Pleas. (Doc. 1). Plaintiff alleges that he was not afforded a fair criminal trial, he did not receive a "payment determination hearing," he was

---

[2]  Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[3]  Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

incarcerated without bail and without mental health treatment, the District Judge had "no rights" to commit him, and his caseworker did not provide support during his incarceration. (*Id.* at pp. 2-3).

For relief, Plaintiff seeks release from the Dauphin County Prison, release of his car from the Pennsylvania State Police, and monetary relief. (*Id.* at p. 3).

## III. Discussion

When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). However, when a prisoner challenges either the fact or duration of his confinement, the appropriate remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer*, 288 F.3d at 540 (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)).

Careful review of the complaint reveals that Plaintiff does not seek relief based on the deprivation of certain rights and privileges. Rather, he seeks immediate release from

custody and challenges the legality of his incarceration. It is well-settled that prisoners cannot use § 1983 to challenge the fact or duration of their confinement or to seek immediate or speedier release. See Preiser, 411 U.S. 475. Because Plaintiff is seeking immediate release from custody and challenging the legality of his incarceration, the appropriate remedy is a petition for writ of habeas corpus. See Leamer, 288 F.3d at 540 (federal habeas corpus review is available where the deprivation of rights "impacts the fact or length of detention"). Consequently, the complaint will be dismissed without prejudice to any right Plaintiff may have to reassert his present claims in a properly filed habeas petition.[4] See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (stating that inmates should use habeas corpus when they seek to invalidate the duration of confinement directly or indirectly).

## IV.  Conclusion

For the reasons set forth above, the complaint will be dismissed without prejudice. A separate order shall issue.

Date: January 11, 2017

Robert D. Mariani
United States District Judge

---

[4]  This Court expresses no opinion as to the ultimate success of any petition Plaintiff may file.